**UNITED STATES of America, Appellee,**

v.

**Eric Joel CARRION–CRUZ,**
**Defendant, Appellant.**

**No. 96–1026.**

United States Court of Appeals,
First Circuit.

Submitted July 31, 1996.

Decided Aug. 7, 1996.

**6**

Benicio Sanchez–Rivera, Federal Public Defender, and Juan E. Alvarez, Assistant Federal Public Defender, on brief for appellant.

Guillermo Gil, United States Attorney, Jose A. Quiles–Espinosa, Senior Litigation Counsel, and Miguel A. Pereira, Assistant United States Attorney, on brief for the United States.

Before SELYA and BOUDIN, Circuit Judges, and McAULIFFE,* District Judge.

PER CURIAM.

■ Defendant-appellant Eric Joel Carrion–Cruz pled guilty to violating the carjacking statute, 18 U.S.C. § 2119(3). At the disposition hearing, the district court departed upward from the guideline sentencing range to impose a sentence of life imprisonment.[1] Carrion–Cruz assigns error to the upward departure.

We have carefully examined the transcript of the disposition hearing, the presentence investigation report, and the briefs. Since we are persuaded that the assignment of error lacks merit, we summarily affirm. *See* 1st Cir. R. 27.1. We add only four brief comments.

■ *First:* U.S.S.G. § 5K2.0 allows sentencing courts to depart from the guideline

sentencing range in a given case if the court finds aggravating or mitigating circumstances that render the case atypical and take it out of the "heartland" for which the applicable guideline was designed. *See United States v. Quinones,* 26 F.3d 213, 216 (1st Cir.1994); *United States v. Rivera,* 994 F.2d 942, 946 (1st Cir.1993); *United States v. Diaz–Villafane,* 874 F.2d 43, 49 (1st Cir. 1989), *cert. denied,* 493 U.S. 862, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989). Here, the multiple killings for which the defendant was responsible—murdering four individuals (two of whom were good samaritans who had stopped to offer assistance) within an abbreviated time frame—transport the defendant's activities well outside the mine-run of carjacking cases. *See* U.S.S.G. § 5K2.1 (encouraging courts to consider upward departure from the otherwise applicable guideline sentencing range if the relevant offense conduct results in multiple deaths).

*Second:* The defendant points to his youth and limited intellect as mitigating factors. But his counsel made much the same argument below, and the district judge specifically commented upon these factors in passing sentence and took full account of them. Given the sentencing court's special coign of vantage, *see Diaz–Villafane,* 874 F.2d at 49, we cannot brush aside that court's considered judgment on so interstitial a matter.

*Third:* The defendant's challenge to the reasonableness of the upward departure is unavailing. Offense Level 40 permits sentences of up to 365 months for first offenders. The magnitude of the ensuing departure—to a life sentence (Offense Level 43)—is reasonable, considering the sordid facts of the case. *See, e.g., Quinones,* 26 F.3d at 218 (explaining that "unusually brutal, cruel, and degrading treatment" of victims "is emblematic of the very sort of sociopathic behavior" that will sustain a substantial upward departure). The departure here meets any conceivable test of reasonableness. *See, id.* at 219–20 (upholding 60% increase as reasonable); *Diaz–Villafane,* 874 F.2d at 52 (up-

---

* Of the District of New Hampshire, sitting by designation.

1. In effect, the court raised the defendant's offense level by three levels (from 40 to 43). Even

for a first-time offender, Offense Level 43 commands a sentence of life imprisonment. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table).

holding departure that more than doubled defendant's sentence as reasonable).

*Fourth:* Relatedly, the Supreme Court's recent opinion in *Koon v. United States,* —— U.S. ——, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), makes it clear that we must respect a district court's special competence in sentencing matters, *see id.* at —— – ——, 116 S.Ct. at 2044–48, and uphold a departure sentence unless the court has abused its discretion, *see id.* at ——, 116 S.Ct. at 2046–48. In light of the stark facts of this brutal crime, a convincing case of discretion abused simply cannot be mustered.

We need go no further.[2] The Supreme Court has instructed us that "it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence." *Williams v. United States,* 503 U.S. 193, 205, 112 S.Ct. 1112, 1121, 117 L.Ed.2d 341 (1992) (citation and internal quotation marks omitted). In essence, the defendant invites us to contravene that precept. On these facts, we have no reason to take so precipitous a step. *Affirmed.*

---

2. Because the upward departure is fully justified by the incidence of multiple deaths, we need not address the sentencing court's alternative justifications for the sentence.