USCA1 Opinion

 

United States Court of Appeals

For the First Circuit

No. 02-1655

UNITED STATES OF AMERICA,

Appellant,

v.

JOHN M. BOGDAN,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Boudin, Chief Judge,

Gibson, (1) Senior Circuit Judge,

and Torruella, Circuit Judge.

 Dina Michael Chaitowitz, Assistant United States Attorney,
with whom Michael J. Sullivan, United States Attorney, were on
brief, for appellant.

 R.J. Cinquegrana, with whom Choate, Hall & Stewart, were on
brief, for appellee.

September 5, 2002

 Per Curiam. This case involves a sentencing appeal,
brought by the government, after the district court granted the
defendant a downward departure. Because we find that the downward
departure was inappropriate, we vacate the defendant's sentence and
remand the case for resentencing.

I.

 On December 4, 2000, John M. Bogdan ("defendant" or
"Bogdan"), pursuant to a plea agreement, pled guilty to two counts
of mail fraud, in violation of 18 U.S.C. § 1341. The plea
agreement stipulated that Bogdan's total offense level was 15,
resulting in a guideline sentence range of 18 to 24 months'
imprisonment. The plea agreement also provided that Bogdan could
move for a downward departure based on aberrant behavior; the
parties agreed that no other basis for departure was applicable.

 At the sentencing hearing, the district court accepted
the agreement's guideline sentencing range, but rejected
defendant's request for a downward departure based on aberrant
behavior. Instead, the court, sua sponte, found that the
defendant's family relationships and acceptance of responsibility
placed him outside the "heartland" of the guidelines, thereby
warranting a downward departure. (2) The district court sentenced
Bogdan to 366 days' imprisonment -- a downward departure of six
months -- and two years of supervised release.

 The government appealed the downward departure to this
Court. After reviewing the district court's justifications for its
departure, we reversed the defendant's sentence, holding that the
circumstances of his case did not fall outside of the heartland of
the guidelines, and remanded the case to the district court for
resentencing. See United States v. Bogdan, 284 F.3d 324 (1st Cir.
2002).

 The district court held a new sentencing hearing on
May 2, 2002. At that time, Bogdan was close to completing the
original sentence of 366 days and was serving the remainder of the
sentence in home confinement under the authority of the Bureau of
Prisons ("BOP"). Bogdan had served approximately four months at
the Camp at Fort Devens, followed by five months in community
confinement, and then was placed in home confinement, from which he
was scheduled for release on May 16, 2002. The court, although
acknowledging that it had to impose a term of 18 months'
imprisonment on defendant to adhere to the guidelines, nevertheless
stated that "[I]t would be an unconscionable burden to have
[defendant] go through the stages of confinement and now begin to
emerge at the end and then go back, for no reason other than that
[the court] made a mistake, into a more severe system of
confinement." As a result, the district court sentenced Bogdan to
18 months' imprisonment, with credit for time served, and 24
months' supervised release, but issued an order directing the BOP
to keep defendant in home confinement for the remainder of his
sentence. The court's judgment was entered on May 10, 2002.

 After the resentencing hearing, the BOP informed the
government that under 18 U.S.C. § 3624(c) it lacked the authority
to place Bogdan in home confinement for the entire remainder of his
new sentence. (3) Under § 3624(c), home confinement is only an option
for the BOP during the last ten percent of a defendant's sentence. 
Thus, under Bogdan's 18-month sentence, Bogdan would only be
eligible for home confinement in September 2002. Pursuant to this
information, on May 10, 2002, the government filed a motion to
strike the portion of the judgment ordering home confinement for
the remainder of Bogdan's sentence.

 On May 13, 2002, the court denied the motion and entered
a margin order. The order stated that the resentence "constituted
a downward departure, well within the Court's authority," and that
"[i]f the government will not follow the Court's order, Mr. Bogdan
is to be released to the U.S. Probation Office who will supervise
the remainder of the sentence."

 Despite this margin order, on May 16, 2002, the district
court issued an amended judgment, changing defendant's sentence to
366 days' imprisonment and 24 months' supervised release. The
amended judgment ordered that the first six months of supervised
release be served in home confinement. The district court
indicated that this amended sentence reflected a downward departure
and stated its reasons for the departure as follows:

 An exemplary prisoner who has substantially
completed his original sentence, Mr. Bogdan is
serving the remainder of his sentence in home
confinement. . . . Correcting that sentence
at this juncture, however, will have the
consequence, not merely of extending the time
to be served, but will as well cause Mr.
Bogdan to be confined under more severe
conditions which will interfere with the
rehabilitative aspect of Mr. Bogdan's
sentence.

 This situation is a "mitigating circumstance
of a kind . . . not adequately taken into
consideration by the Sentencing Commission." 
18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0. It
warrants the departure and carefully crafted
sentence imposed here in order to carry out
the mandate of the United States Court of
Appeals for the First Circuit.

The government appeals this amended sentence, asserting that the
district court lacked jurisdiction to correct the sentence, or
alternatively, that the district court abused its discretion in
granting a downward departure.

II.

 We review district court departures under the Sentencing
Guidelines for an abuse of discretion. See Koon v. United States,
518 U.S. 81, 96-100 (1996). This entails a three-part analysis:
(1) we determine whether the stated ground for departure is
theoretically permissible under the guidelines; (2) if so, we
examine the record to assess whether there is adequate factual
support; and (3) we determine the appropriateness of the degree of
departure. (4) See United States v. Dethlefs, 123 F.3d 39, 43-44 (1st
Cir. 1997). In most cases, a district court's decision to depart
will "be due substantial deference." Koon, 518 U.S. at 98.

III.

 In this case, increasing the defendant's sentence or
subjecting the defendant to a more severe form of incarceration due
to previous judicial error is not grounds for a downward departure. 
A court is permitted to depart from the guidelines sentence if
"there exists an aggravating or mitigating circumstance of a kind,
or to a degree, not adequately taken into consideration by the
Sentencing Commission in formulating the guidelines. . . ." 18
U.S.C. § 3553(b).

 In determining whether an aggravating or mitigating
circumstance warrants a departure, the court first must assess what
features of the case potentially make it unusual so as to take the
case outside the heartland. See Koon, 518 U.S. at 95. Then the
court must determine whether the factor is proscribed, encouraged,
or discouraged under the guidelines, or whether the factor is not
mentioned in the guidelines. See id. at 95-96. If a factor is not
mentioned in the guidelines, "the court must, after considering the
structure and theory of both relevant individual guidelines and the
Guidelines taken as a whole, decide whether [the factor] is
sufficient to take the case out of the Guidelines's heartland." 
Id. at 96 (citation and internal quotation marks omitted). 
Departures based on unmentioned factors should occur only in
exceptional cases. See Koon, 518 U.S. at 96 (noting that such
departures should be "highly infrequent").

 In this case, the factor relied upon by the district
court for departure -- an increased sentence and reincarceration in
a more severe form of confinement due to previous court error -- is
not a factor mentioned by the guidelines. Therefore, departure is
only permitted if this factor makes Bogdan's case so unusual or
special so as to take it out of the heartland of the guidelines. 
See Koon, 518 U.S. at 96. In this case, we find nothing special or
unusual about Bogdan's increased incarceration due to previous
sentencing error. Although unfortunate, some sentencing errors
under the guidelines are inevitable. This, in part, is due to the
sheer complexity of the guidelines, compounded by the fact that
"[t]o err is human," In re Bushkin Assocs., Inc., 864 F.2d 241, 245
(1st Cir. 1989) (noting that judges "are not infallible"). The
guidelines, predicting this problem, however, provide for a means
by which to correct such sentencing errors: appellate review. See
U.S.S.G. Ch. 1 Pt. A ¶ 2; 18 U.S.C. § 3742(b)(2).

 Under a simplified view, there are two kinds of errors to
be corrected on review: sentences that are either too long or too
short under the guidelines. Where the defendant received too short
a sentence, to correct its error, the court must be able to impose
a more severe sentence. Otherwise, "[p]ermitting a downward
departure to avoid reincarceration where an erroneously lenient
sentence is successfully appealed would have the perverse effect of
compounding judicial error." United States v. Yeaman, 248 F.3d
223, 232 (3d Cir. 2001) (rejecting downward departure for two
defendants on the grounds that they had already completed
erroneously lenient sentences and had been released from custody);
cf. United States v. Martin, 221 F.3d 52, 57 (1st Cir. 2000)
(prohibiting departures based on "factors that offend the framework
and purpose of the guidelines"). Thus, increasing a defendant's
sentence and confining him in prison is a typical error correction
contemplated by the guidelines' structure. See United States v.
Goldman, 41 F.3d 785, 789 (1st Cir. 1994); see also Yeaman, 248
F.3d at 232.

 We have previously held that there is "no general rule
that prohibits a court from increasing an earlier sentence where
the court finds that it was erroneous and that a higher sentence
was required by law." Goldman, 41 F.3d at 789 (quoting DeWitt v.
Ventetoulo, 6 F.3d 32, 34 (1st Cir. 1993)) (internal quotation
marks omitted). Although we have indicated that the right to
correct an unlawful sentence may be limited in extreme
circumstances, see Goldman, 41 F.3d at 789 (discussing combined
factors of a long delay, defendant's release from custody, and the
singling out of defendant for a sentence increase based on
commission of another offense), we find no such extreme
circumstances to be present in this case. Bogdan is still in
federal custody and has been aware of a dispute over his
appropriate sentence since the filing of the original appeal in
this case. As a result, his increased sentence and return to more
severe confinement are not factors that place Bogdan's case outside
the heartland. (5)

IV.

 Because we conclude that the district court's downward
departure was inappropriate, we vacate the defendant's amended
sentence and remand the case to the district court for imposition
of a sentence within the guideline range of 18 to 24 months'
imprisonment, with credit for time served, and 24 months'
supervised release.

 Vacated and remanded.
1. Hon. John R. Gibson, of the Eighth Circuit, sitting by
designation.
2. The district court's precise explanation for its departure was
as follows:

 I have taken into account the excellent way that you have
been a father to your children, how you have tried to
make amends to your wife, the introspection you have
shown, the appreciation you have shown of the criminality
of your conduct. . . . In my considered judgment, you,
you, John Bogdan, are not within the heartland of
offenders that the sentencing guidelines are designed
for. That gives me the right to depart.
3. Section 3624(c) provides:

 (c) Pre-release custody.--The Bureau of Prisons shall, to
the extent practicable, assure that a prisoner serving a
term of imprisonment spends a reasonable part, not to
exceed six months, of the last 10 per centum of the term
to be served under conditions that will afford the
prisoner a reasonable opportunity to adjust to and
prepare for the prisoner's re-entry into the community. 
The authority provided by this subsection may be used to
place a prisoner in home confinement.

18 U.S.C. § 3624(c) (emphasis added).
4. Because the government challenges the district court's grounds
for departure as inappropriate in this case, and we agree, our
analysis rests only on the first prong of the inquiry.
5. In addition to arguing that the court's basis for departure was
inappropriate, the government asserts that because the district
court lacked jurisdiction on May 16, 2002 to amend Bogdan's
sentence under Federal Rule of Criminal Procedure 35(c), the
amended sentence should be vacated. The government argues that the
May 16 amendment occurred more than seven days after imposition of
defendant's sentence and was more than a correction of an
"arithmetical, technical, or other clear error." Fed. R. Crim. P.
35(c). Because we have already found that the district court's
departure in its amended sentence was an abuse of discretion
sufficient to vacate the sentence, we need not address this
jurisdictional issue.