**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 06-1148

JESSIE A. QUIÑONES-TORRES,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, U.S. District Judge]

Before

Torruella, Circuit Judge,
Selya, Senior Circuit Judge,
and Lynch, Circuit Judge.

Jessie A. Quiñones-Torres on brief pro se.
Nelson Pérez-Sosa, Assistant United States Attorney, Thomas F. Klumper, Assistant United States Attorney, and Rosa Emilia Rodriguez-Velez, United States Attorney, on brief for appellee.

July 30, 2007

**Per Curiam**.    This appeal follows the district court's denial of pro se appellant Jessie A. Quinones-Torres's original habeas petition, two post-judgment motions, and request for a certificate of appealability ("COA").

Appellant pled guilty to one count of conspiracy to distribute at least 50 but no more than 150 kilograms of cocaine in violation of 21 U.S.C. § 846, and one count of conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). Pursuant to a binding plea agreement under Fed. R. Crim. P. 11(c)(1)(C), the government agreed to recommend a sentence of not more than 228 months (or 19 years), and appellant reserved the right to request the lower end of the applicable guideline sentencing range.    At sentencing, the court departed downward pursuant to U.S.S.G. § 5K2.0, reduced appellant's criminal history category from II to I, and sentenced him to 204 months (or 17 years) on each count, to run concurrently.[1]

Appellant's habeas petition claimed ineffective assistance of counsel at each stage of the proceedings in the district court, as well as on direct appeal.    Appellant also requested a new trial based on the discovery of purportedly

---

[1]   The district court also sentenced appellant to supervised release terms of three years on the first count and two years on the second, to run concurrently.  The supervised release terms were erroneously recorded as five years and three years on the written judgment.    We previously remanded this case to correct this clerical error.

exculpatory evidence he claims was improperly withheld by the government. The government does not challenge our jurisdiction to review either the post-judgment motions or the underlying judgment. We will assume, without deciding, that appellant has timely appealed from the denial of his § 2255 petition, see, e.g., United States v. Woods, 210 F.3d 70, 74 (1st Cir. 2000), and thus review his ineffective assistance of counsel claims.

Appellant asserts that his counsel should have sought to dismiss the indictment, but each of the arguments he raises in support of this assertion is wrong as a matter of either law or fact. See, e.g., United States v. Portela, 167 F.3d 687, 695-96, 702 (1st Cir.) (single conspiracy defined; government need not prove overt acts in furtherance of narcotics conspiracy), cert. denied, 528 U.S. 917 (1999); United States v. Guzman, 85 F.3d 823, 826 (1st Cir.), cert. denied, 519 U.S. 1020 (1996) (under dual sovereignty rule, no double jeopardy bar to state and federal prosecution of same offense); United States v. Flores-Rivera, 56 F.3d 319, 327 n.5 (1st Cir. 1995) (substantive crime and conspiracy to commit that crime not the same offense for double jeopardy purposes).

Appellant correctly argues that the district court offered an incomplete description of the law governing co-conspirator liability and sentencing and incorrectly referred to the money laundering count as a "criminal forfeiture" count at his

change of plea and sentencing hearings, but he has failed to identify any prejudice he suffered as a result. Appellant argues that his counsel did not make any objections to the presentence report, but fails to offer any factual or legal basis for the objections he claims his counsel should have made.

Rather, the record shows that appellant never disputed the description of his participation in the conspiracy, thus distinguishing this case from United States v. Rodriguez-Gonzalez, 433 F.3d 165, 167-68 (1st Cir. 2005), and United States v. Colin-Solis, 354 F.3d 101, 102-03 (1st Cir. 2004). As is true of the petitioner in United States v. Isom, "[w]e see no reason why a reasonable attorney would have felt the need to clarify to [appellant] what was crystal clear from the hearing: he was pleading guilty to conspiring to possess ... cocaine, and he was facing a [lengthy] sentence." 85 F.3d 831, 835 (1st Cir. 1996). Appellant entered into a binding Rule 11(c)(1)(C) plea agreement with the government, and he received precisely the sentence for which he bargained. Nothing in the record indicates that appellant's personal circumstances fell outside the "heartland" for sentencing purposes. United States v. Bogdan, 284 F.3d 324, 327 (1st Cir. 2002).

On this record, appellant was not entitled to a hearing on his habeas petition. United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Neither was appellant entitled to a default

judgment simply because the government did not file an opposition to his habeas petition.  Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) (collecting cases).  Moreover, on his conclusory claim that the government improperly withheld exculpatory evidence, appellant has not shown that the government failed to provide information that amounted to a "material omission tantamount to a misrepresentation" or engaged in "some particularly pernicious form of impermissible conduct ...."  Ferrara v. United States, 456 F.3d 278, 291 (1st Cir. 2006) (citing United States v. Brady, 397 U.S. 742, 757 (1970), and United States v. Bouthot, 878 F.2d 1506, 1511 (1st Cir. 1989)).

Thus, it is clear that no reasonable jurist would find that the district court's assessment of the constitutional claims was "debatable or wrong," Miller-El v. Cockrell, 537 U.S. 322, 377-78 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), and there was no abuse of discretion in the court's denial of appellant's Rule 59(e) motions.  Cintron-Lorenzo v. Departmento de Asuntos Del Consumidor, 312 F.3d 522, 527 (1st Cir. 2002).

**Affirmed.**