**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 10-1323

UNITED STATES,

Appellee,

v.

CASIMIRO NÚÑEZ-POLANCO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José A. Fusté, U.S. District Judge]

Before

Howard, Selya, and Thompson,
Circuit Judges.

Luis A. Guzmán Dupont on brief for appellant.
Rosa Emilia Rodriguez-Velez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Divison, and Luke Cass, Assistant United States Attorney, on brief for appellee.

June 28, 2011

**Per Curiam.** Casimiro Núñez Polanco ("Núñez") appeals his conviction for aggravated identity theft, claiming insufficient evidence. He also seeks to set aside his 24-month sentence, claiming he is entitled to a reduced offense level and a downward departure. We find no merit in his arguments and summarily affirm.

A grand jury returned a three-count indictment against Núñez based on his sale of official identification documents. Núñez pled guilty to two counts but took the third — aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) — to trial. A jury found him guilty. At sentencing, he sought a reduction in offense level for acceptance of responsibility because he had admitted two of the three counts. See U.S.S.G. § 3E1.1. He also sought a downward departure for extraordinary family circumstances. See United States v. Roselli, 366 F.3d 58, 68 (1st Cir. 2004); U.S.S.G. § 5H1.6. The district court rejected both requests and imposed a sentence of 15 months for the admitted counts and a consecutive term of 24 months for aggravated identity theft.

On appeal, Núñez first claims there is insufficient evidence to uphold his conviction. Specifically, "§ 1028A(a)(1) requires the Government to show that the defendant knew that the means of identification at issue belonged to another person." Flores-Figueroa v. United States, 129 S. Ct. 1886, 1894 (2009). Núñez says that because he never directly told undercover officers he knew the documents belonged to real people, the government did

not present sufficient evidence to prove knowledge under §
1028A(a)(1).

We review the sufficiency of the evidence for a
conviction de novo, viewing the evidence "in the light most
flattering to the jury's guilty verdict [and] assess[ing] whether
a reasonable factfinder could have concluded that the defendant was
guilty beyond a reasonable doubt." United States v. Rodríguez-
Lozada, 558 F.3d 29, 39 (1st Cir. 2009) (internal quotation marks
omitted). Our role is not "to weigh the evidence; [it] is merely
to ensure that some evidence exists to support sufficiently the
jury's determination." Id. (internal quotation marks omitted).

Although Núñez never explicitly declared that he knew the
documents belonged to real people, the jury could reasonably have
inferred knowledge from circumstantial evidence. United States v.
Cardales-Luna, 632 F.3d 731, 732 (1st Cir. 2011). Specifically,
Núñez made recorded statements to undercover officers from which
his knowledge could be inferred. First, he told an officer that
there would be no problem obtaining credit cards or benefits with
the identification documents, suggesting that they reflected actual
identities that would stand up to credit checks and government
scrutiny. Second, when referring to a birth certificate he
provided to an officer, he stated, "I'm telling you that that's a
good one. This is my business. I know. . . . I'm not going to
bring you something bad. This is what I do for a living." Third,

he told an officer that users of the identification documents should memorize the data on the documents to "become that person" in order to live as a United States citizen. Given these statements, we find that the jury reasonably inferred the requisite knowledge needed to convict under § 1028A(a)(1).[1]

Next, we find that the district court did not err by denying Núñez a reduced offense level for acceptance of responsibility. "We review a sentencing court's determination of whether a defendant accepted responsibility for clear error," and give that determination "great respect." United States v. Garrasteguy, 559 F.3d 34, 38 (1st Cir. 2009); United States v. Royer, 895 F.2d 28, 29 (1st Cir. 1990).

Proceeding to trial creates a rebuttable presumption that the defendant did not accept responsibility and is not entitled to a reduction. Garrasteguy, 559 F.3d at 38-39. Núñez fails to offer any sufficient basis to rebut this presumption. Moreover, the district court actually held that Núñez "knew from day one that he was doing something that involved real people" but took the issue to trial anyway; "[t]herefore, he's not accepted responsibility." Although Núñez pled guilty to two other counts, the district court did not clearly err in finding no acceptance of responsibility for aggravated identity theft.

---

[1] Núñez's pointing to evidence that could have supported a finding of no knowledge is irrelevant. The question is whether there is an evidentiary basis for the jury's finding, and there is.

Finally, there is no merit to Núñez's argument that the district court erred by denying a downward departure for exceptional family circumstances. We review this denial for reasonableness, equivalent to an abuse of discretion standard. United States v. Anonymous Defendant, 629 F.3d 68, 73-74 (1st Cir. 2010). Downward departures for exceptional family circumstances are rare; they are only appropriate if the defendant provides "irreplacable or otherwise extraordinary" care. United States v. Roselli, 366 F.3d 58, 68 (1st Cir. 2004) (internal quotation marks omitted). Núñez's circumstances — specifically the needs of his young, disabled son — are unfortunate but not extraordinary, and his son remains in the care of his wife. Therefore, the court was within its discretion to deny the downward departure.[2]

For these reasons, we summarily affirm Núñez's conviction and sentence. See 1st Cir. R. 27.0(c).

So ordered.

---

[2] The government argues that we cannot review the discretionary denial of a downward departure, but our recent decision in United States v. Anonymous Defendant, 629 F.3d 68 (1st Cir. 2010) provides otherwise. See also United States v. Battle, 637 F.3d 44, 52 (1st Cir. 2011) ("A district court's discretionary decision not to depart from the Guidelines is reviewed for reasonableness.").