Jose TORO–MÉNDEZ, Petitioner

v.

UNITED STATES of America, Respondent.

Civil No. 10–1492 (DRD).
Criminal No. 09–0220 (DRD).

United States District Court,
D. Puerto Rico.

Sept. 30, 2013.

Luis R. Rivera–Rodriguez, Luis Rafael Rivera Law Office, San Juan, PR, for Petitioner.

Nelson J. Perez–Sosa, U.S. Attorney's Office, San Juan, PR, for Respondent.

### OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

DANIEL R. DOMINGUEZ, District Judge.

Pending before the Court is petitioner José Toro–Méndez ("Toro–Méndez") *Motion To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody* pursuant to 28 U.S.C. § 2255. *See* Docket No. 1. For the reasons set forth below, the petition is denied.

This matter was referred to United States Magistrate Judge Justo Arenas ("Magistrate Judge Arenas" or "Magistrate Judge"), who recommended, through a *Report and Recommendation* entered on February 17, 2012, that the petitioner's motion for post-conviction relief be denied. *See* Docket No. 7. As of this date, the *Report and Recommendation* issued by Magistrate Judge Arenas stands unopposed. For the reasons set forth below, the petitioner's motion under 28 U.S.C. § 2255 is denied without evidentiary hearing, as the written record of the case pellucidly demonstrates that he was duly forewarned as to the waiver of appeal. *See Report and Recommendation* of June 29, 2009, Criminal No. 09–220, Docket No. 10, page 6, and *Plea Agreement,* Docket No. 7, ¶ 15, page 6.

### Standard of Review

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Rule 72(b) of the Federal Rules of Civil Procedure

("Fed. R. Civ.P."); Rule 72 of the Local Rules for the District of Puerto Rico ("Local Rules"). *See Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). As a general rule, an adversely affected party may contest the Magistrate Judge's report and recommendation by filing its objections within fourteen (14) days after being served a copy thereof. *See* Local Rule 72; Fed.R.Civ.P. 72(b). Moreover, 28 U.S.C. § 636(b)(1), in its pertinent part, provides that:

> Within fourteen days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

However, "[a]bsent objection by the plaintiffs, [a] district court ha[s] a right to assume that [a party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985), *cert. denied,* 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992). Thus, in order to accept the unopposed *Report and Recommendation,* the Court needs only satisfy itself by ascertaining that there is no "plain error" on the face of the record. *See Douglass v. United Servs. Auto, Ass'n,* 79 F.3d 1415, 1419 (5th Cir.1996)(*en banc* )(extending the deferential "plain error" standard of re-

view to the unobjected legal conclusions of a magistrate judge); *Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir.1982)(*en banc* )(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); *Nogueras–Cartagena v. United States,* 172 F.Supp.2d 296, 305 (D.P.R.2001) ("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding Fed. R.Civ.P. 72(b)); *Garcia v. I.N.S.,* 733 F.Supp. 1554, 1555 (M.D.Pa.1990)("when no objections are filed, the district court need only review the record for plain error").

In the instant case, the Magistrate Judge issued a *Report and Recommendation* on February 17, 2012, Docket No. 7. The Magistrate Judge granted the parties fourteen days to object the *Report and Recommendation,* from its receipt. The record shows that, as of this date, the *Report and Recommendation* stands unopposed. We therefor review the Magistrate's *Report and Recommendation* only under "clear erroneous" or "plain error" standard,

**Factual and Procedural Background**

Petitioner Toro–Méndez was charged with two counts, to wit: (a) Count One for embezzlement, steal and knowingly convert to his own use, and to the use of another, approximately $133,000.00 in taxes paid by a C.B.C., all property belonging to the IRS and the United States Treasury, in violation of 18 U.S.C. § 641; (b) Count Two for embezzlement, steal and knowingly convert to his own use, and to the use of another, approximately $47,000.00 in taxes paid by F.P., all property belonging to the IRS and the United States Treasury, in violation of 18 U.S.C. § 641. Petitioner Toro–Méndez pled

guilty to the two Counts by way of information to waived his right to be charged with an indictment, after consulting with this counsel. *See Report and Recommendation,* Criminal No. 09–220, Docket No. 10, pages 1–2. The Court took a downward departure based on family ties, and sentenced Petitioner Toro–Méndez to a term of 12 months and one day for each of Counts One and Two, to be served concurrently with each other, and after release from imprisonment, petitioner shall serve three years of supervised release as to Counts One and Two to be served concurrently, plus a restitution amount of $240,868.00, notwithstanding the fact that the "petitioner admit[ted] to being a large-scale thief who abused a position of trust." *See Report and Recommendation,* Civil No. 10–1492, Docket No. 7, pages 83–84, *see also Judgment,* Criminal No. 09–220, Docket No. 20, pages 2–3, and 5.

Petitioner alleges ineffective assistance of counsel on the following grounds: (a) the plea was involuntarily and unknowingly made, as counsel failed to request a variance due to the mental conditions of petitioner's daughters, his inability to support his family, and to make restitution imposed by the Court; (b) petitioner's counsel failed in insisting with the Court on six important factors (1) lack of prior criminal history or arrests; (2) he has never been incarcerated, hence, he has never faced its consequences; (3) he has strong ties with the community, such as, his three dependents; (4) no prior history of violence or drug abuse; (5) compliance with the conditions of release and did not represent a risk to the public; (6) petitioner is subject to pay a considerable restitution amount; (c) counsel failed to argue that the petitioner was an excellent candidate for home detention; and (d) counsel failed to seek a variance at the sentencing hearing. "In a nutshell, counsel should have argued *ad misericordiam* to the court factors which were not argued." *See Report and Recommendation,* Docket No. 7, page 84.

## Applicable Law and Discussion

Magistrate Judge Arenas recommended that petitioner's § 2255 be denied on several grounds, to wit: (a) counsel's performance was reasonable, as petitioner has failed to establish that his legal representation the objective standard of reasonableness, *Strickland v. Washington,* 466 U.S. 668, 686–687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), "even if petitioner had succeeded in showing deficiencies in his legal representation, he is unable to establish that said deficiencies resulted in a prejudice against him in the criminal proceedings;" (b) "there were no errors of defense counsel that resulted in a violation of petitioner's right to adequate representation of counsel under the Sixth Amendment;" (c) "the factors he [petitioner] alludes to were clearly presented to the court . . . [but petitioner] simply wants his sentence reduced, using an extraordinary tool . . . Petitioner does well not to focus on the plea and sentence colloquies in excess since his position is contradicted not only by a reading of the transcripts but by the presentence investigation report;" (d) "the factors raised by petitioner simply do not take this case out of the heartland for which guidelines were designed."

## Certificate of Appealability

For the reasons previously stated, the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. § 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## Conclusion

The Court fully agrees with the analysis and the recommendations made by Magis-

trate Judge Arenas, hence, the Court adopts *in toto*, the *Report and Recommendation*, Docket No. 7, as supplemented herein.[1] The Court further finds that there is no plain error, in the well supported analysis made by Magistrate Judge Arenas based on the record and the applicable law. For the reasons set forth above, petitioner's *Motion to Vacate, Set Aside, or Correct Criminal Sentence Pursuant to 28 U.S.C. § 2255*, Docket No. 1, is denied, Petitioner's claims are hereby dismissed with prejudice.

The *Report and Recommendation* issued by the Hon. Magistrate Judge Justo Arenas shall be published as an *addendum* of the instant *Opinion and Order*.

Judgment will be entered accordingly.

This case is closed for all administrative and statistical purposes.

IT IS SO ORDERED.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

JUSTO ARENAS, United States Magistrate Judge.

This matter is before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate sentence imposed in *United States v. Jose Toro–Mendez*, Crim. No.09–0220 (DRD). (Docket No. 1.) (Docket No. 1, dated June 4, 2010). The United States has filed a response in opposition on October 25, 2010 (Docket No. 4.).

## I. BACKGROUND

Petitioner was charged in a two-count information filed on June 25, 2009. (Crim. No. 09–0220, Docket No. 2.) Count one charges that from on or about June 2004 through August 2006, in the District of Puerto Rico and within the jurisdiction of this Court, petitioner did embezzle, steal and knowingly convert to his own use, and to the use of another, approximately $133,000 in taxes paid by a C.B.C., all property belonging to the IRS and United States Treasury. All in violation of Title 18 U.S.C. § 641. In addition, petitioner was charged in count two of the information with embezzling, stealing and knowingly converting to his own use and to the use of another, approximately $47,000 in taxes paid by F.P., all property belonging to the IRS and United States Treasury. All in violation of Title 18 U.S.C. § 641 of the United States, all in violation 18 U.S.C. §§ 2 and 641.

Petitioner waived indictment and pleaded guilty before me on June 25, 2009. (Crim. No. 09–0220, Docket No. 4.) A report and recommendation in relation to the guilty plea was entered on that same day.

On November 9, 2009, petitioner was sentenced by the court to a term of imprisonment of twelve months and one day on each count, to be served concurrently with each other. A supervised release term of three years was imposed as well as a special monetary assessment of $200 (paid), in addition to restitution in the amount of $240,868. (Crim. No. 09–0220, Docket No. 20.) No appeal was taken. Petitioner sought reconsideration of the sentence and such reconsideration was denied.

On June 4, 2010, petitioner filed this motion to vacate sentence pursuant to 28

---

1. "The Court need not go further for it refuses to write at length to no other end than to hear its own words resonate as to the instances alleged as errors by plaintiff." Where as here, a [Magistrate] "has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate." *See Lawton v. State Mut. Life Assu. Co. of Am.*, 101 F.3d 218, 220 (1st Cir.1996); *Ayala v. Union de Tronquistas de Puerto Rico, Local 901*, 74 F.3d 344, 345 (1st Cir.1996); *In re San Juan Dupont Plaza Hotel Fire Litig.*, 989 F.2d 36, 38 (1st Cir. 1993).

U.S.C. § 2255. Petitioner argues that his sentence should be vacated because he received ineffective assistance of counsel. First, he attacks the plea process and argues that plea was involuntarily and unknowingly made, given that counsel failed to request a variance due to the unusual mental situation of his daughters and his inability to support his family, and to make restitution imposed by the court. Petitioner argues that counsel failed in relation to six specific points and that counsel should have insisted for the court to consider the following factors: 1) petitioner had no criminal history or arrests; 2) he had never faced the consequences of being incarcerated; 3) he maintains strong family ties in our district, including thee dependents; 4) he has no known history of violence nor drug abuse; 5) he complied with all of the conditions of release and did not pose a risk to the public, and 6) petitioner is subject to pay a substantial restitution amount. (Docket No. 1–1 at 7–8). Petitioner argues that counsel should have argued that he was an excellent candidate for home detention and was generally ineffective since he did not seek a variance at sentencing. In a nutshell, counsel should have argued *ad misericordiam* to the court factors which were not argued.

The United States argues that the petition is without merit. It argues that the factors which petitioner raises as not having been presented to the court by counsel were in fact presented, both in the presentence report investigation and by defense counsel at elocution at sentencing. Indeed, the United States quotes from the sentencing transcript show clearly reflects that defense counsel argued the points that *petitioner now says were ignored.* Furthermore there was a request for reconsideration of the sentencing raising the same arguments as presented in this petition and the court noted that petitioner received the sentences that he bargained

for. In response to questioning at the plea colloquy, petitioner understood that the statutory penalty for each count if convicted was a term of imprisonment of not more than 10 years, a fine not to exceed $250,000, or both, and a term of supervised release of not more than three years plus restitution. The plea agreement reflects a Base Offense Level of 6, based upon Larceny, Embezzlement and Other Forms of Theft. *See* U.S.S.G. § 2B1.1(a)(2). Since the amount of loss agreed to was more than $75,000 but less than $120,000, under U.S.S.G. § 3B1.1(b)(F), petitioner received an 8–point enhancement, and another two point enhancement for abuse of position of trust or Use of Special Skill. *See* U.S.S.G. § 3B1.2. He received a 3–level reduction for acceptance of responsibility and timely plea under U.S.S.G. § 3E1.1. Petitioner had a Criminal History Category of I. Thus, at a Total Offense Level of 13, based upon the stipulated amount of loss, the applicable sentencing range was between 12–18 months according to the plea agreement. The recommendation was at the lower end of the advisory guideline range, pursuant to U.S.S.G. § 5G1.1(b). However, the Total Offense Level as calculated by the U.S. Probation Office and the actual loss, was 17, which provided for an imprisonment range of 21 to 30 months. The court departed downward based upon family ties and responsibilities. See U.S.S.G. § 5H1.6. A further basis for departing was the plea agreement. Petitioner admits to being a large-scale thief who abused a position of trust. He now complains and wants a reduction in sentence notwithstanding his having received justice greatly tempered by judicial munificence as the result of the agreement of the parties.

Petitioner also was informed that the ultimate sentence was a matter for the court to decide, and that, even if the maximum imprisonment term were to be im-

posed upon him, petitioner later could not withdraw his guilty plea if he was dissatisfied with the sentence, as he is now. The defendant understood this. There is nothing in the record, nothing, which reflects that the plea was anything other than knowingly and voluntarily made.

## II. ANALYSIS

██ Under 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack....

28 U.S.C. § 2255(a); *Hill v. United States,* 368 U.S. 424, 426–27 n. 3, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *David v. United States,* 134 F.3d 470, 474 (1st Cir.1998). The burden is on the petitioner to show his or her entitlement to relief under section 2255, *David v. United States,* 134 F.3d at 474, including his or her entitlement to an evidentiary hearing. *Cody v. United States,* 249 F.3d 47, 54 (1st Cir.2001) (quoting *United States v. McGill,* 11 F.3d 223, 225 (1st Cir.1993)). Petitioner has not specifically sought an evidentiary hearing but rather that the court in due course reduce his 1–year sentence. It has been held that an evidentiary hearing is not necessary if the 2255 motion is inadequate on its face or if, even though facially adequate, "is conclusively refuted as to the alleged facts by the files and records of the case." *United States v. McGill,* 11 F.3d at 226 (quoting *Moran v. Hogan,* 494 F.2d 1220, 1222 (1st Cir.1974)). "In other words, a '§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are "inherently incredible." ' " *United States v. McGill,* 11 F.3d at 226 (quoting *Shraiar v. United States,* 736 F.2d 817, 818 (1st Cir.1984)).

## INEFFECTIVE ASSISTANCE OF COUNSEL

██ "In all criminal prosecutions, the accused shall enjoy the right to ... the Assistance of Counsel for his defence." U.S. Const. amend. 6. To establish a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient," and that the deficiency prejudiced the petitioner. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "This inquiry involves a two-part test." *Rosado v. Allen,* 482 F.Supp.2d 94, 101 (D.Mass.2007). "First, a defendant must show that, 'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' " *Id.* (quoting *Strickland v. Washington,* 466 U.S. at 690, 104 S.Ct. 2052.) "This evaluation of counsel's performance 'demands a fairly tolerant approach.' " *Rosado v. Allen,* 482 F.Supp.2d at 101 (quoting *Scarpa v. Dubois,* 38 F.3d 1, 8 (1st Cir.1994)). "The court must apply the performance standard 'not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented.' " *Rosado v. Allen,* 482 F.Supp.2d at 101 (quoting *United States v. Natanel,* 938 F.2d 302, 309 (1st Cir.1991)). The test includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Smullen v. United States,* 94 F.3d 20, 23 (1st Cir.1996) (quoting *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. 2052). "Second, a defendant must establish that prejudice resulted 'in consequence of coun-

sel's blunders,' which entails 'a showing of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."' " *Rosado v. Allen,* 482 F.Supp.2d at 101 (quoting *Scarpa v. Dubois,* 38 F.3d at 8) (quoting *Strickland v. Washington,* 466 U.S. at 694, 104 S.Ct. 2052); *see Mattei–Albizu v. United States,* 699 F.Supp.2d 404, 407 (D.P.R.2010). However, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Argencourt v. United States,* 78 F.3d 14, 16 (1st Cir.1996) (quoting *Strickland v. Washington,* 466 U.S. at 691, 104 S.Ct. 2052). Thus, "[c]ounsel's actions are to be judged 'in light of the whole record, including the facts of the case, the trial transcript, the exhibits, and the applicable substantive law.'" *Rosado v. Allen,* 482 F.Supp.2d at 101 (quoting *Scarpa v. Dubois,* 38 F.3d at 15). The defendant bears the burden of proof for both elements of the test. *Cirilo–Muñoz v. United States,* 404 F.3d 527, 530 (1st Cir.2005), *cert. denied,* 558 U.S. 1131, 130 S.Ct. 1103, 175 L.Ed.2d 918 (2010) (citing *Scarpa v. Dubois,* 38 F.3d at 8-9).

In *Hill v. Lockhart* the Supreme Court applied *Strickland's* two-part test to ineffective assistance of counsel claims in the guilty plea context. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) ("We hold, therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."). As the Hill Court explained, "[i]n the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in [other cases]. The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart,* 474 U.S. at 58–59, 106 S.Ct. 366. Accordingly, petitioner would have to show that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S.Ct. 366.

 In this case, the plea agreement was exactly what was negotiated and while petitioner was put on notice that the court was not bound by the plea agreement and the recommendation of the prosecution, he was sentenced in accordance with the agreement. There is no credible evidence to support the petitioner's claim that his attorney's representation fell below an objective standard of reasonableness, nor does the record support that but for the alleged errors by the attorney, petitioner instead of pleading guilty would have done something else. Simply put, notwithstanding his plea agreement, this obviously intelligent petitioner wants something not freely agreed to, almost to the point of seeking the enforcement of a right. The factors he alludes to were clearly presented to the court. Now, just as on reconsideration, he simply wants his sentence reduced, using an extraordinary remedy as a tool. Petitioner does well not to focus on the plea and sentence colloquies in excess since his position is contradicted not only by a reading of the transcripts but by the presentence investigation report.

 The parties reasonably agreed on a sentence taking into account the factors in 18 U.S.C. § 3553. Now petitioner argues that he suffered extreme prejudice "when lies apparted counsel." (Docket No. 1–1 at 7.) Notwithstanding the agreement, petitioner insists now that counsel should have insisted then. Insisting would have gone contrary to the terms of the plea agreement, placing in jeopardy

such agreement. Hindsight may be opaque at times. An experienced defense attorney, such as petitioner had, knows that downward departures for exceptional circumstances are rare; they are only appropriate if the defendant provides "irreplaceable or extraordinary" care. *United States v. Roselli*, 366 F.3d 58, 68 (1st Cir. 2004), cited in *United States v. Nunez–Polanco*, 428 Fed.Appx. 13, 15 (1st Cir.), cert. denied by *Nunez–Polanco v. United States*, —— U.S. ——, 132 S.Ct. 296, 181 L.Ed.2d 179 (Oct. 3, 2011). Petition does not supply such care. He sees his daughters on weekends and provides financial support. They live with their mother, his former spouse. Furthermore, It is well settled that a court "will not permit a defendant to turn his back on his own representations to the court merely because it would suit his convenience to do so." *United States v. Parrilla–Tirado*, 22 F.3d 368, 373 (1st Cir.1994) (quoting *United States v. Pellerito*, 878 F.2d 1535, 1539 (1st Cir.1989)). "[I]t is the policy of the law to hold litigants to their assurances at a plea colloquy." *Torres–Quiles v. United States*, 379 F.Supp.2d 241, 248–49 (D.P.R. 2005) (citing *United States v. Marrero–Rivera*, 124 F.3d 342, 349 (1st Cir.1997)).

■ Thus, the petitioner "should not be heard to controvert his Rule 11 statements ... unless he [has] offer[ed] a valid reason why he should be permitted to depart from the apparent truth of his earlier statement[s]." *United States v. Butt*, 731 F.2d 75, 80 (1st Cir.1984). In that truth, there was an agreement by the defendant that the sentence is reasonable pursuant to 18 U.S.C. § 3553(a). (Crim. No. 09–0220, Docket No. 7 at 4.) Agreed also was that no further adjustments or departures were to be requested by the parties and that the agreement considered all relevant factors set forth in 18 U.S.C. § 3553. "[T]he presumption of truthfulness of the Rule 11 statements will not be overcome unless the allegations in the § 2255 motion are sufficient to state a claim of ineffective assistance of counsel and include credible, valid reasons why a departure from those earlier contradictory statements is now justified." *United States v. Butt*, 731 F.2d at 80 (citing *Crawford v. United States*, 519 F.2d 347, 350 (4th Cir.1975)). The Supreme Court has noted that in the context of a challenged representation, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable...." *Strickland v. Washington*, 466 U.S. at 690, 104 S.Ct. 2052. Because of the wide range of tactical decisions that a criminal defense attorney may be presented with in any given trial, judicial scrutiny of the attorney's performance must be "highly deferential" and indulge a strong presumption that the challenged action "might be considered sound trial strategy." *Id.* at 689, 104 S.Ct. 2052. Indeed, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effect of hindsight" *Id.* Petition sometimes mentions that the court erred by not considering one thing or another. Petitioner reminds the court that it has the authority to amend or correct an unjust and unfair sentence once the defendant has proved that he deserves an opportunity or has a hardship which will destroy either his life or his family, citing *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005.) An already merciful court has been presented with and pondered reconsideration and rejected the same. The petition is thus relegated to the status of rain on rain. The factors raised by petitioner simply do not take this case out of the heartland for which guidelines were designed. " 'Regrettably, the "heartland" of cases under the Guidelines encompasses immense and heart-wrenching hardships.' " *United*

88

States v. Louis, 300 F.3d 78, 82 (1st Cir. 2002), citing United States v. Bogdan, 284 F.3d 324, 330 (1st Cir.2002), citing United States v. Dyce, 91 F.3d 1462, 1467–68 (D.C.Cir.1996.)

## III. CONCLUSION

"Under Strickland v. Washington, … counsel is not incompetent merely because he may not be perfect. In real life, there is room not only for differences in judgment but even for mistakes, which are almost inevitable in a trial setting, so long as their quality or quantity do not mark out counsel as incompetent." Arroyo v. United States, 195 F.3d 54, 55 (1st Cir. 1999). Petitioner has not satisfied the first prong of Strickland. Therefore, there is no need to discuss the second prong of Strickland. Cf. Moreno–Espada v. United States, 666 F.3d 60 (1st Cir.2012), citing Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir.2010). The arguably inadequate and poor performance of his attorney simply did not happen. There were no errors of defense counsel that resulted in a violation of petitioner's right to adequate representation of counsel under the Sixth Amendment. In fact, I invite the court to review the transcript of the sentencing proceedings which I have read. What is written in petitioner's memorandum flies in the face of what was said by defense counsel at the hearing. The sentencing judge needed convincing and defense counsel provided a degree of representation which certainly aided the court in adopting the plea agreement, something it did not have to do. See Crim. No. 09–220, Docket No. 35 at 8–10.)

In view of the above, I find that petitioner Jose R. Toro–Mendez has failed to establish that his counsel's representation fell below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. at 686–87, 104 S.Ct. 2052; Unit-

ed States v. Downs–Moses, 329 F.3d 253, 265 (1st Cir.2003). Furthermore, even if petitioner had succeeded in showing deficiencies in his legal representation, he is unable to establish that said deficiencies resulted in a prejudice against him in the criminal proceedings. See Owens v. United States, 483 F.3d 48, 63 (1st Cir.2007) (quoting Strickland v. Washington, 466 U.S. at 687–88, 104 S.Ct. 2052). It is impossible to find that any claimed error has produced " 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.' " Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994) (quoting Hill v. United States, 368 U.S. at 428, 82 S.Ct. 468).

In view of the above, I recommend that petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be DENIED without evidentiary hearing.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within twenty (20) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Davet v. Maccarone, 973 F.2d 22, 30–31 (1st Cir.1992); Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir.1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir.1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); United States v. Vega, 678 F.2d 376, 378–79 (1st Cir.1982); Park

*Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).

At San Juan, Puerto Rico, this 17th day of February, 2012.